1  BRIAN J. MOONEY (SBN: 143795)
   BRETT T. MORONEY (SBN: 199795)
2  GORDON & REES LLP
   Embarcadero Center West
3  275 Battery Street, Suite 2000
   San Francisco, CA 94111
4  Telephone: (415) 986-5900
   Facsimile: (415) 986-8054
5
   Attorneys for Defendant
6  WRIGHT MEDICAL TECHNOLOGY, INC.

7

8                    UNITED STATES DISTRICT COURT

9         EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

10

11 MARION ELDER,                         )   U.S.D.C. CASE NO. _____
                                         )
12                                       )   Case No.: 09 CE CG 00715
                      Plaintiff,         )              (Fresno County Superior)
13                                       )
                   v.                    )   **NOTICE OF REMOVAL OF ACTION**
14                                       )   **PURSUANT TO 28 U.S.C. § § 1441 and**
   WRIGHT MEDICAL TECHNOLOGY and         )   **1446 BY WRIGHT MEDICAL**
15 DOES 1-50,                            )   **TECHNOLOGY, INC.**
                                         )
16                    Defendants.        )
                                         )   Complaint Filed: March 3, 2009
17 _____)

18

19

20 TO ALL PARTIES, THEIR ATTORNEYS OF RECORD, AND THE CLERK OF THE

21 ABOVE-ENTITLED COURT:

22         PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441 and 1446, defendant

23 WRIGHT MEDICAL TECHNOLOGY, INC. ("Removing Defendant") hereby removes to this

24 Court the state-court action described in paragraph 1 below.

25                            **THE REMOVED CASE**

26         1.    The removed case is a civil action filed on or about March 3, 2009, in the

27 Superior Court of the State of California, County of Fresno, having been assigned Case No.

28 09 CE CG 00715, and styled *Marion Elder v. Wright Medical Technology, Inc.*

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

2.     In the removed case, plaintiff Marion Elder claims injuries resulting from the implantation and alleged failure of a purportedly defective hip prosthetic device manufactured by this Removing Defendant. (See Complaint for Damages, attached hereto as Exhibit A, at p. 4). She alleges causes of action based on negligence and strict products liability.

### PAPERS FROM REMOVED ACTION

3.     On May 15, 2009, Removing Defendant was served with a copy of the summons and complaint in the removed case. On June 10, 2009, Removing Defendant filed an answer in response to the subject complaint. (See Answer to Complaint attached as Exhibit B). True and correct copies of the state court file and other process, pleadings, orders, or other papers received by Removing Defendant are attached hereto as Exhibit C.

### THE VENUE REQUIREMENT IS MET

4.     Venue of this removal is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division corresponding to the place where the state-court action was pending.

### DIVERSITY OF CITIZENSHIP EXISTS

5.     This is a civil action that falls under the Court's original jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship) and is one that may be removed to this Court based on diversity of citizenship under 28 U.S.C. §§ 1441 and 1446.

### THE REMOVAL IS TIMELY

6.     Notice of Removal is filed within 30 days from the date of service of the subject complaint. As such, this removal is timely. 28 U.S.C. § 1446(b) and Rule 6 of the Federal Rules of Civil Procedure.

### DIVERSITY OF PARTIES

7.     Plaintiff is currently a citizen and resident of California, and she was so at the time of the filing of the complaint. (See Exhibit D).

8.     Removing Defendant was, at the time of the commencement of this action, and still is, organized and exists under the laws of the State of Delaware with its principal place of business in Arlington, Tennessee.

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

9.    Although plaintiff has named as defendants "Does 1 to 50," this does not preclude the Court from exercising diversity jurisdiction.  Plaintiff does not allege any facts regarding the "Doe" defendants.  (See Exhibit A).  Where, as here, a complaint does not give any indication of who the "Doe" might be or how their activities might have given rise to the causes of action, they are not considered for purposes of determining diversity.  28 U.S.C. § 1441(a); *Bogan v. Keene Corp.,* 852 F.2d 1238, 1240 (9th Cir. 2004).

10.    Because the plaintiff is a citizen of California, and defendant is not, complete diversity of citizenship exists under 28 U.S.C. § 1332.

## THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED

11.    Plaintiff does not set forth any specific monetary amounts related to her damages.  (See generally plaintiff's complaint attached as Exhibit A).  Where a complaint does not specify the amount of damages being sought, the defendant bears the burden of demonstrating by a preponderance of the evidence that the amount in controversy requirement is satisfied.  *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,* 199 F.Supp.2d 993,1001 (C.D. Cal. 2002).  A defendant satisfies this burden where (1) it is facially apparent from the allegations in the complaint that the plaintiff 's claims exceed $75,000 or (2) by submitting evidence to establish that the actual amount in controversy exceeds $75,000.  *Id.*  To ascertain the amount in controversy, a district court takes into account claims for general damages, pain and suffering, out of pocket loss, emotional distress, punitive damages and attorneys' fees.  *Richmond v. Allstate Ins. Co.,* 897 F.Supp. 447, 449-450 (S.D. Cal. 1995).  In addition, "the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights to be litigated."  *Kenneth Rothschild Trust,* 199 F.Supp.2d at 1001 (internal citations omitted).

12.    In the instant case, it is plainly evident that the monetary value of the amount in controversy will exceed $75,000, exclusive of interest and costs.  Counsel for this Removing Defendant contacted plaintiff's counsel and advised him that this Removing Defendant would not seek this removal if plaintiff agreed *not* to seek damages in excess of $75,000.  Plaintiff's counsel conferred with plaintiff and advised that plaintiff had already incurred medical expenses

1    in the neighborhood of $90,000 and would not agree to limit her damages to a figure less than

2    $75,000.  (See Exh. D, letter confirming discussions with plaintiff's counsel).

3          13.    In the removed case, it is also facially apparent from the allegations in the

4    complaint that the amount in controversy exceeds $75,000.  Plaintiff Marion Elder brought

5    claims based on negligence and strict products liability due to physical injuries she allegedly

6    sustained as a result of a defective hip prosthetic device that was implanted in her and

7    purportedly failed.  (See Complaint at page 4).  As a result, plaintiff seeks damages for wage

8    loss, hospital and medical expenses, general damages, compensatory damages and other damages

9    according to proof.  (See Exhibit A, at page 3).  Given plaintiff's allegation that a hip prosthesis

10   failed, it can be deduced that she also had a subsequent revision surgery.  It can also be deduced

11   that plaintiff will seek general damages relating to the alleged failure of the implant, the

12   subsequent revision surgery, and her recovery from the revision surgery.  Plaintiff is also making

13   a wage loss claim, which is presumably related to and may extend over a time frame from the

14   device's alleged failure, the revision surgery, and through her subsequent recovery.  Based on the

15   foregoing, the totality of these factors establish that the amount in controversy will likely

16   significantly exceed $75,000.00.

17              **REMOVING DEFENDANT CONSENTS TO THIS REMOVAL**

18         14.    This Removing Defendant is the only named defendant in the action.  (See

19   Exhibit A).

20         15.    Thus, the state court action may be removed to this Court by Removing

21   Defendant in accordance with the provisions of 28 U.S.C. § 1441(a) because (i) this action is a

22   civil action pending within the jurisdiction of the United States District Court for the Eastern

23   District of California; (ii) this action is between citizens of different states; and (iii) the amount

24   in controversy exceeds $75,000, exclusive of interest and costs.

25                      **FILING OF REMOVAL PAPERS**

26         16.    Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action will

27   promptly be given to Plaintiff's counsel and the clerk with the Superior Court, County of Fresno.

28

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    In addition, this Removing Defendant will promptly file a Notice to Adverse Party of Removal

2    of case with the Superior Court, County of Fresno.

3        WHEREFORE, WRIGHT MEDICAL TECHNOLOGY, INC. hereby removes the

4    above-captioned action (case no. 09 CE CG 00715) from the Superior Court of California,

5    County of Fresno, and requests that further proceedings be conducted in this Court as provided

6    by law.

7

8    Dated: June 11, 2009                    GORDON & REES, LLP

9

10                                      By:_____

11                                          BRIAN J. MOONEY
                                            BRETT T. MORONEY
12                                          Attorneys for Defendant
                                            WRIGHT MEDICAL TECHNOLOGY, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

NOTICE OF REMOVAL BY WRIGHT MEDICAL TECHNOLOGY, INC.