1  BRIAN J. MOONEY (SBN: 143795)
   BRETT T. MORONEY (SBN: 199795)
2  GORDON & REES LLP
   Embarcadero Center West
3  275 Battery Street, Suite 2000
   San Francisco, CA 94111
4  Telephone: (415) 986-5900
   Facsimile: (415) 986-8054
5
   Attorneys for Defendant
6  WRIGHT MEDICAL TECHNOLOGY, INC.

7

8                  UNITED STATES DISTRICT COURT

9          EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

10

11 MARION ELDER,                        )  U.S.D.C. CASE NO. _____
                                        )
12                                      )  Case No.: 09 CE CG 00715
                   Plaintiff,           )            (Fresno County Superior)
13                                      )
              v.                        )  **EXHIBITS A, B, C, AND D TO**
14                                      )  **NOTICE OF REMOVAL OF ACTION**
   WRIGHT MEDICAL TECHNOLOGY and        )  **PURSUANT TO 28 U.S.C. § § 1441 and**
15 DOES 1-50,                           )  **1446 BY WRIGHT MEDICAL**
                                        )  **TECHNOLOGY, INC.**
16                 Defendants.          )
                                        )  Complaint Filed: March 3, 2009
17 _____ )

18

19

20

21

22

23

24

25

26

27

28

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

WMT/1057851/6750226v.1

# EXHIBIT A

# EXHIBIT A

# SUMMONS
## (CITACIÓN JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
WRIGHT MEDICAL TECHNOLOGY and DOES 1-50.

**FILED**

P.M. 3 3 2009

FRESNO COUNTY SUPERIOR COURT
By_____
NAG DEPUTY

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MARION ELDER

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

AMC

| The name and address of the court is: | CASE NUMBER: |
| *(El nombre y dirección de la corte es):* | *(Número del Caso):* |

09CECG00715

FRESNO SUPERIOR COURT
2317 TUOLUMNE STREET
FRESNO, CALIFORNIA 93721-1220

M STREET CIVIL COURTHOUSE
The name, address, and telephone number of plaintiffs attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
JAMES M. MAKASIAN, SBN: 71791    559-442-4212    559-445-0328
A PROFESSIONAL CORPORATION
1327 "N" STREET
FRESNO, CALIFORNIA 93721

DATE:                          N. GOEHRING
*(Fecha)* MAR 0 3 2009    Clerk, by _____, Deputy
                          *(Secretario)*              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Wright Medical Technology

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
           ☒ other *(specify):* unknown entity
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| [SEAL] | |

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO**<br>**CIVIL DEPARTMENT, CENTRAL DIVISION**<br>2317 Tuolumne Street<br>Fresno, California 93721<br>(559) 497-4100 | *FOR COURT USE ONLY*<br><br>Filed<br>   Fresno County<br><br>MARCH    03, 2009<br>By System |
| TITLE OF CASE:<br><br>**Marion Elder vs Wright Medical** | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE AND<br>ASSIGNMENT OF JUDGE FOR ALL PURPOSES** | CASE NUMBER:<br><br>**09CECG00715AMC** |

**To All Parties and their Attorneys of Record:**

> This case has been assigned to Judge **Adolfo M. Corona** for all purposes.
> All future hearings will be scheduled before this assigned judge.

You are required to appear at a Case Management Conference on **JULY    06, 2009** at **10:00 AM** in **Dept 97E, 2317 Tuolumne** located at, Fresno, California.

You must comply with the requirements set forth in Fresno Superior Court Local Rule 2.1.

Failure to appear at the conference may result in imposition of sanctions, waiver of jury trial, or other adverse consequences.

**Defendants:** Appearance at the Case Management Conference does not excuse you from having to file your response in proper legal form within 30 days after the Summons is served on you. You could lose the case if you do not file your response on time. If you do not know an attorney, and do not have one, you may call an attorney referral service or a legal aide office (*listed in the phone book*).

> IMPORTANT: This hearing is not a trial. It is for the court to inquire as to the status of the case and to determine what future hearings, including a trial date, need to be set.

---

**DECLARATION**

I declare under penalty of perjury under the laws of the State of California that I gave a copy of the **Notice of Case Management Conference and Assignment of Judge for All Purposes** to the person who presented this case for filing.

Date:  **March 3, 2009**           Clerk, by _____ , Deputy

N. Goehring

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address): | FOR COURT USE ONLY |
|---|---|
| JAMES M. MAKASIAN, SBN: 72791<br>JAMES M. MAKASIAN<br>A PROFESSIONAL CORPORATION<br>1327 "N" STREET<br>FRESNO, CALIFORNIA 93721<br>TELEPHONE NO: 559-442-4212    FAX NO. (Optional): 559-445-0328<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): PLAINTIFF | **FILED**<br>MAR 0 3 2009<br>FRESNO COUNTY SUPERIOR COURT<br>By _____<br>NAG DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF FRESNO
STREET ADDRESS: 1100 VAN NESS AVENUE
MAILING ADDRESS:
CITY AND ZIP CODE: FRESNO, CALIFORNIA 93724
BRANCH NAME:

PLAINTIFF: MARION ELDER

DEFENDANT: WRIGHT MEDICAL TECHNOLOGY

[X] DOES 1 TO 50.

| COMPLAINT—Personal Injury, Property Damage, Wrongful Death | CASE NUMBER: |
|---|---|
| [ ] AMENDED (Number):<br>Type (check all that apply):<br>[ ] MOTOR VEHICLE    [X] OTHER (specify): PRODUCT LIABILITY<br>  [ ] Property Damage    [ ] Wrongful Death<br>  [ ] Personal Injury    [ ] Other Damages (specify):<br><br>Jurisdiction (check all that apply):<br>[ ] ACTION IS A LIMITED CIVIL CASE<br>Amount demanded [ ] does not exceed $10,000<br>  [ ] exceeds $10,000, but does not exceed $25,000<br>[X] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)<br>[ ] ACTION IS RECLASSIFIED by this amended complaint<br>  [ ] from limited to unlimited<br>  [ ] from unlimited to limited | 09CECG00715 |

1. Plaintiff (name or names): MARION ELDER

   alleges causes of action against defendant (name or names): WRIGHT MEDICAL TECHNOLOGY

2. This pleading, including attachments and exhibits, consists of the following number of pages:

3. Each plaintiff named above is a competent adult

   a. [ ] except plaintiff (name):                    This case has been assigned to
      (1) [ ] a corporation qualified to do business in California    Judge Adolfo M. Corona for all purposes.
      (2) [ ] an unincorporated entity (describe):
      (3) [ ] a public entity (describe):
      (4) [ ] a minor [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other (specify):
      (5) [ ] other (specify):

   b. [ ] except plaintiff (name):
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity (describe):
      (3) [ ] a public entity (describe):
      (4) [ ] a minor [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other (specify):
      (5) [ ] other (specify):

   [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001 [Rev. January 1, 2007]

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

Legal Solutions Plus

Code of Civil Procedure, § 425.12

| SHORT TITLE: ELDER v. WRIGHT MEDICAL TECHNOLOGY | CASE NUMBER: |
|---|---|

4. ☐ Plaintiff (name):

    is doing business under the fictitious name (specify):

    and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
  a. ☒ except defendant (name): WRIGHT MEDICAL TECHNOLOGY

    (1) ☒ a business organization, form unknown
    (2) ☐ a corporation
    (3) ☐ an unincorporated entity (describe):

    (4) ☐ a public entity (describe):

    (5) ☐ other (specify):

  c. ☐ except defendant (name):

    (1) ☐ a business organization, form unknown
    (2) ☐ a corporation
    (3) ☐ an unincorporated entity (describe):

    (4) ☐ a public entity (describe):

    (5) ☐ other (specify):

  b. ☐ except defendant (name):

    (1) ☐ a business organization, form unknown
    (2) ☐ a corporation
    (3) ☐ an unincorporated entity (describe):

    (4) ☐ a public entity (describe):

    (5) ☐ other (specify):

  d. ☐ except defendant (name):

    (1) ☐ a business organization, form unknown
    (2) ☐ a corporation
    (3) ☐ an unincorporated entity (describe):

    (4) ☐ a public entity (describe):

    (5) ☐ other (specify):

☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
  a. ☒ Doe defendants (specify Doe numbers): 1-50 _____ were the agents or employees of other named defendants and acted within the scope of that agency or employment.
  b. ☒ Doe defendants (specify Doe numbers): 1-50 _____ are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are (names):

8. This court is the proper court because
  a. ☐ at least one defendant now resides in its jurisdictional area.
  b. ☒ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
  c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.
  d. ☒ other (specify): DOING BUSINESS IN CALIFORNIA AS A REGISTERED CORPORATION.

9. ☐ Plaintiff is required to comply with a claims statute, and
  a. ☐ has complied with applicable claims statutes, or
  b. ☐ is excused from complying because (specify):

COMPLAINT—Personal Injury, Property
Damage, Wrongful Death

PLD-PI-001

| SHORT TITLE: ELDER v. WRIGHT MEDICAL TECHNOLOGY | CASE NUMBER: |

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:
    a. ☐ Motor Vehicle
    b. ☒ General Negligence
    c. ☐ Intentional Tort
    d. ☒ Products Liability
    e. ☐ Premises Liability
    f. ☐ Other *(specify):*

11. Plaintiff has suffered
    a. ☒ wage loss
    b. ☐ loss of use of property
    c. ☒ hospital and medical expenses
    d. ☒ general damage
    e. ☐ property damage
    f. ☐ loss of earning capacity
    g. ☐ other damage *(specify):*

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
    a. ☐ listed in Attachment 12.
    b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
    a. (1) ☒ compensatory damages
        (2) ☐ punitive damages
    The amount of damages is *(in cases for personal injury or wrongful death, you must check (1))*:
        (1) ☒ according to proof
        (2) ☐ in the amount of: $

15. ☐ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*

Date: FEBRUARY 6, 2009

JAMES M. MAKASIAN, ESQ.
    (TYPE OR PRINT NAME)

▶ _____
    (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Page 3 of 3

**COMPLAINT—Personal Injury, Property
Damage, Wrongful Death**

SHORT TITLE:
ELDER v. WRIGHT MEDICAL TECHNOLOGY

CASE NUMBER:

FIRST                    CAUSE OF ACTION - General Negligence              Page 4
    (number)

ATTACHMENT TO  [X] Complaint    ☐ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name)*:  MARION ELDER

alleges that defendant *(name)*:  WRIGHT MEDICAL TECHNOLOGY

[X] Does  1        to 50

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant
negligently caused the damage to plaintiff
on *(date)*:  MARCH 10, 2007
at *(place)*:  FRESNO, CALIFORNIA

*(description of reasons for liability)*:
AT SAID TIME AND PLACE, DEFENDANTS SO NEGLIGENTLY MANUFACTURED, PRODUCED
DISTRIBUTED, MARKETED, ADVERTISED, AND PUT INTO THE STREAM OF COMMERCE THAT
CERTAIN INTERVAL HIP PROSTEDHIC DEVICE  THAT AS A RESULT OF SAID NEGLIGENCE
FAILED, THEREBY CAUSING INJURY AND DAMAGES TO PLAINTIFF ALL ACCORDING TO PROOF.

Form Approved by the
Judicial Council of California
Effective January 1, 1982
Rule 982.1(3)
Optional Form

CAUSE OF ACTION - General Negligence

Legal
Solutions
Plus

CCP 425.12

| SHORT TITLE: ELDER v. WRIGHT MEDICAL TECHNOLOGY | CASE NUMBER: |
|---|---|

SECOND _(number)_    **CAUSE OF ACTION - Products Liability**    Page 5

ATTACHMENT TO [X] Complaint    [ ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

Plaintiff *(name)*: MARION ELDER

Prod.L-1. On or about *(date)*: MARCH 10, 2007    plaintiff was injured by the following product:
THE MANUFACTURE AND DISTRIBUTION OF A DEFECTIVE HIP PROSTHESES THAT
FAILED WHILE IT WAS BEING REASONABLE AND FORESEEABLE USED FOR ITS
INTENDED PURPOSE BY PLAINTIFF.

Prod.L-2. Each of the defendants knew the product would be purchased and used without inspection for defects.
The product was defective when it left the control of each defendant. The product at the time of injury
was being
[X] used in the manner intended by the defendants.
[X] used in a manner that was reasonably foreseeable by defendants as involving a substantial danger not
readily apparent. Adequate warnings of the danger were not given.

Prod.L-3. Plaintiff was a
[X] purchaser of the product.                    [X] user of the product.
[ ] bystander to the use of the product.         [ ] other *(specify)*:

**PLAINTIFF'S INJURY WAS THE LEGAL (PROXIMATE) RESULT OF THE FOLLOWING:**
Prod.L-4. [X] Count One-Strict liability of the following defendants who
a. [X] manufactured or assembled the product *(names)*: WRIGHT MEDICAL TECHNOLOGY

[X] Does 1    to 50.
b. [X] designed and manufactured component parts supplied to the manufacturer *(names)*:
WRIGHT MEDICAL TECHNOLOGY

[X] Does 1    to 50.
c. [X] sold the product to the public *(names)*: WRIGHT MEDICAL TECHNOLOGY

[ ] Does    to .
Prod.L-5. [X] Count Two-Negligence of the following defendants who owed a duty to plaintiff *(names)*:
WRIGHT MEDICAL TECHNOLOGY

[X] Does 1    to 50.
Prod.L-6. [X] Count Three-Breach of warranty by the following defendants *(names)*: WRIGHT MEDICAL
TECHNOLOGY
[X] Does 1    to 50.
a. [X] who breached an implied warranty
b. [ ] who breached an express warranty which was
[ ] written    [ ] oral
Prod.L-7. [X] The defendants who are liable to plaintiffs for other reasons and the reasons for the liability are
[ ] listed in Attachment-Prod.L-7    [X] as follows:

Form Approved by the
Judicial Council of California
Effective January 1, 1982
Rule 982.1(6)
Optional Form

**CAUSE OF ACTION - Products Liability**

Legal
Solutions
Plus

CCP 425.12

**CM-010**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, bar number, and address)*:
JAMES M. MAKASIAN, SBN: 71791
JAMES M. MAKASIAN
A PROFESSIONAL CORPORATION
1327 "N" STREET
FRESNO, CALIFORNIA 93721
TELEPHONE NO: 559-442-4212     FAX NO.: 559-445-0328
ATTORNEY FOR *(Name)*: PLAINTIFF

FOR COURT USE ONLY

FILED

MAR 0 3 2009

FRESNO COUNTY SUPERIOR COURT
By_____
NAG DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF FRESNO
STREET ADDRESS: 2317 TUOLUMNE STREET
MAILING ADDRESS:
CITY AND ZIP CODE: FRESNO, CALIFORNIA 93721-1220
BRANCH NAME: M STREET CIVIL COURTHOUSE

CASE NAME: ELDER v. WRIGHT MEDICAL TECHNOLOGY

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 09CECG00715 |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: <br> DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [X] Product liability (24)
- [X] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive

4. Number of causes of action *(specify)*: TWO (2)

5. This case [ ] is  [X] is not  a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: FEBRUARY 6, 2009

JAMES M. MAKASIAN, SBN: 71791
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Legal Solutions Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740
Cal. Standards of Judicial Administration, std. 3.10

# Alternative Dispute Resolution
# Information Packet

## Overview & History

Alternative Dispute Resolution (ADR) is an increasingly popular option that allows people to resolve disputes outside of court in a cooperative manner. ADR can be faster, cheaper, and less stressful than going to court. Most importantly, the use of ADR can provide greater satisfaction with the way disputes are resolved.

ADR has been gradually evolving within the Fresno Superior Court for the past several years. In 1999 the Court recognized a need for greater public access to dispute resolution for cases and established an ADR Department. This department assists parties by providing information regarding ADR processes and services.

*Additionally, in 2006 a Case Management Conference (CMC) order was implemented requiring parties in general civil cases to participation in ADR prior to trial. This order and supporting ADR forms can be found on the court's website, www.fresnosuperiorcourt.org under the "forms," section.   Also, participation in ADR does not eliminate the need for proper and timely filing of case documents, such as an Answer to Complaint.*

## Disputes

ADR techniques have been used successfully in a variety of disputes involving individuals, small and large businesses, government, and the general public. Various types of ADR processes are available depending on the nature of the dispute. Many types of conflict often lend themselves to an alternative and informal method of dispute resolution. Some examples of disputes often settled by ADR include **but are not limited to:**

- Business disputes- contracts, partnerships
- Property / Land use disputes- property transfers, boundaries, easements
- Family disputes – divorce, property, custody, visitation, support issues
- Consumer / Collection disputes- repairs, services, warranties, debts
- Employment disputes- employment contracts, terminations
- Landlord/tenant disputes- evictions, rent, repairs, security deposits
- Neighborhood disputes / Relational disputes or other civil or personal conflicts
- Personal Injury / Insurance disputes- accidents, coverage, liability

## Processes:

The most common forms of ADR are Mediation, Arbitration, and Case Evaluation. In most ADR processes, a trained, impartial person decides or helps the parties reach resolution of their dispute together. The persons are neutrals who are normally chosen by the disputing parties or by the court. Neutrals can often help parties resolve disputes without having to go to court or trial. Below is a description of commonly used processes:

## ADR Process Selection & Information:

There are several other types of ADR. Some of these include conciliation, settlement conference, fact finding, mini-trial, Victim Offender conferencing, and summary jury trial. Sometimes parties will try a combination of ADR types. The important thing is to find the type of ADR that is most likely to resolve the dispute. Contact the ADR department staff for assistance for additional information and referral to services appropriate for each specific case.

## Advantages & Disadvantages of ADR:

### Advantages

- **Often quicker than going to trial**, a dispute may be resolved in a matter or days or weeks instead of months or years.
- **Often less expensive**, saving the litigants court costs, attorney's fees and expert fees.
- **Permits more participation and empowerment**, allowing the parties the opportunity to tell their side of the story and have more control over the outcome.
- **Allows for flexibility** in choice of ADR processes and resolution of the dispute.
- **Fosters cooperation** by allowing the parties to work together with the neutral to resolve the dispute and mutually agree to a remedy.
- **Often less stressful** than litigation. Most people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve disputes instead of filing a lawsuit. Even after a lawsuit has been filed, the court can refer the dispute to a neutral before the lawsuit becomes costly. ADR has been used to resolve disputes even after trial, when the result is appealed.

### Disadvantages of ADR

- ADR may not be suitable for every dispute.
- If the ADR process is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.
- ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services. If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs, such as attorney's fees and expert fees.
- Lawsuits must be brought within specified periods of time, known as Statutes of Limitations. Parties must be careful not to let a Statute of Limitation run while a dispute is in an ADR process

## Neutral Selection:

The selection of a neutral is an important decision. Please note that currently there is no legal requirement that the neutral be licensed or hold any particular certificate. However, the Court and many private programs have established qualification requirements and standards of conduct for their neutral panels.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO:                                    FAX NO: | |
| ATTORNEY FOR *(Name):* | |

**SUPERIOR COURT OF CALIFORNIA · COUNTY OF FRESNO**
2317 Tuolumne Street
Fresno, California 93721-1220
(559) 497-4195

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| STIPULATION REGARDING ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: |
|---|---|

The parties stipulate that they will engage in the following Alternative Dispute Resolution (ADR) process:

☐ Mediation    ☐ Arbitration    ☐ Neutral Case Evaluation    ☐ Other _____

The parties further stipulate that _____ has been selected as the mediator/arbitrator/neutral.

Address: _____

City, State, Zip _____

Phone Number:   (        ) _____

The parties acknowledge that they shall engage in some form of Alternative Dispute Resolution (ADR). The Alternative Dispute Resolution (ADR) must be completed within 180 days after the Case Management Conference or prior to the Mandatory Settlement Conference, whichever is earlier, unless given prior approval by the court to continue the date.

Parties will be required to file an **Alternative Dispute Resolution (ADR) Status Report at least 10 court days prior to** the Mandatory Settlement Conference. Failure to do so may result in sanctions at an Order to Show Cause (OSC) hearing set by the court.

| _____ | _____ | _____ |
|---|---|---|
| Date | Type or Print Name | Signature of Party or Attorney for Party |

| _____ | _____ | _____ |
|---|---|---|
| Date | Type or Print Name | Signature of Party or Attorney for Party |

| _____ | _____ | _____ |
|---|---|---|
| Date | Type or Print Name | Signature of Party or Attorney for Party |

| _____ | _____ | _____ |
|---|---|---|
| Date | Type or Print Name | Signature of Party or Attorney for Party |

☐   Additional signatures on Stipulation Regarding Alternative Dispute Resolution (ADR) Attachment

TADR-01  R01-09          STIPULATION REGARDING ALTERNATIVE DISPUTE RESOLUTION (ADR)

Case Number: _____

Check the closest estimated number of court days you saved in motions, hearings, conferences, trials, etc. as a direct result of this case being referred to this dispute resolution process:

☐ 0 Days          ☐ 1 Day          ☐ More than 1 day (specify) _____

If the dispute resolution process caused an increase in court time for this case, please check the estimated number of additional court days:

☐ 0 Days          ☐ 1 Day          ☐ More than 1 day (specify) _____

I would be willing to use the dispute resolution process again:

☐ Yes          ☐ No

Please provide any additional comments below regarding your experience with the ADR process:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

# EXHIBIT B

EXHIBIT B

1  BRIAN J. MOONEY (SBN: 143795)
   BRETT T. MORONEY (SBN: 199795)
2  GORDON & REES LLP
   Embarcadero Center West
3  275 Battery Street, Suite 2000
   San Francisco, CA 94111
4  Telephone: (415) 986-5900
   Facsimile: (415) 986-8054
5
   Attorneys for Defendant
6  WRIGHT MEDICAL TECHNOLOGY, INC.

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      FOR THE COUNTY OF FRESNO

10

11  MARION ELDER,                    )  CASE NO. 09CECG00715
                      Plaintiff,     )
12                                   )  DEFENDANT WRIGHT MEDICAL
                vs.                  )  TECHNOLOGY, INC.'S ANSWER TO
13                                   )  PLAINTIFF'S COMPLAINT FOR
    WRIGHT MEDICAL TECHNOLOGY, INC.; )  DAMAGES
14  and DOES 1-50, inclusive,        )
                                     )
15                    Defendants.    )
                                     )
16                                   )
                                     )
17                                   )
                                     )
18

19       COMES NOW Defendant WRIGHT MEDICAL TECHNOLOGY, INC. ("Defendant"),

20  and answers Plaintiff MARION ELDER's ("Plaintiff") Complaint for Damages as follows:

21       Pursuant to Code of Civil Procedure section 431.30, subdivision (d), Defendant denies

22  each and every allegation of said unverified Complaint for Damages, the whole thereof, and each

23  and every cause of action therein, and further denies that Plaintiffs have sustained or are entitled

24  to recover damages in the sum alleged, or in any sum whatsoever.

25       Further answering the unverified Complaint for Damages on file herein, Defendant

26  denies that Plaintiff has sustained any injury, damage, or loss by reason of any act or omission on

27  the part of Defendant, or any agents, servants or employees of Defendant.

28
                                   - 1 -
    WMT/1057851/6733820v.1
          DEFENDANT WRIGHT MEDICAL TECHNOLOGY, INC.'S ANSWER TO PLAINTIFF'S
                          COMPLAINT FOR DAMAGES

_left margin:_ Gordon & Rees LLP / Embarcadero Center West / 275 Battery Street, Suite 2000 / San Francisco, CA 94111

FILED
JUN 10 2009
FRESNO COUNTY SUPERIOR COURT
By_____
                ERS - DEPUTY

BY FAX

**AFFIRMATIVE DEFENSES**

<u>FIRST AFFIRMATIVE DEFENSE</u>

(Failure to State a Cause of Action)

Defendant alleges that each and every purported cause of action of Plaintiff's unverified Complaint for Damages on file herein fails to allege facts sufficient to constitute a cause of action against Defendant.

<u>SECOND AFFIRMATIVE DEFENSE</u>

(Assumption of Risk)

Defendant is informed and believes and, upon that ground, alleges that Plaintiff knowingly and voluntarily assumed any and all risks associated with the matters alleged in the complaint. Pursuant to the doctrines of primary and secondary assumption of the risk or informed consent, this conduct bars, in whole or in part, the damages that Plaintiff seeks to recover herein.

<u>THIRD AFFIRMATIVE DEFENSE</u>

(Conduct of Third Parties)

Defendant is informed and believes and, upon that ground, alleges that Plaintiff alleged injuries and damages, if any, were caused, in whole or in part, by the acts or omissions of third parties over whom Defendant had no authority or control.

<u>FOURTH AFFIRMATIVE DEFENSE</u>

(Comparative Fault)

Defendant is informed and believes and, upon that ground, alleges that at all times mentioned in the unverified Complaint for Damages on file herein, the Plaintiff was negligent, careless, and reckless, and conducted herself so as to substantially contribute to her alleged injuries and damages, if any. Such negligence bars, in whole or in part, the damages, if any, which Plaintiff seeks to recover herein.

<u>FIFTH AFFIRMATIVE DEFENSE</u>

(Failure to Mitigate)

Defendant is informed and believes and, upon that ground, alleges that each purported

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  cause of action of Plaintiff's unverified Complaint for Damages is barred by reason of Plaintiff's

2  failure to mitigate her alleged damages or losses.

3  SIXTH AFFIRMATIVE DEFENSE

4  (Compliance with Governing Laws/Preemption)

5  The conduct of Defendant and the subject device at all times conformed with the Federal

6  Food, Drug and Cosmetic Act, and other pertinent federal statutes and regulations.  Accordingly,

7  Plaintiff's claims, predicated on state tort law and alleging the subject product to be unsafe, are

8  barred, in whole or in part, by the doctrine of federal preemption and the Supremacy Clause of

9  the United States Constitution, Article IV, clause 2.

10  SEVENTH AFFIRMATIVE DEFENSE

11  (State of the Art)

12  All activities of Defendant alleged in the unverified Complaint for Damages conformed

13  to all state and federal statutes, regulations, and industry standards and were proper based upon

14  the state of knowledge existing at the relevant time alleged in the unverified Complaint for

15  Damages.

16  EIGHTH AFFIRMATIVE DEFENSE

17  (Benefits Outweighed the Risks)

18  When the subject device was designed, manufactured, and distributed, it conformed to

19  the state of the art, was reasonably safe, and the benefits exceeded any associated risks.

20  NINTH AFFIRMATIVE DEFENSE

21  (Statute of Limitations)

22  Defendant is informed and believes and, upon that ground, alleges that each purported

23  cause of action in Plaintiff's unverified Complaint for Damages on file herein is barred by the

24  applicable statutes of limitation including, but not limited to, the provisions of Code of Civil

25  Procedure section 335.1.

26  TENTH AFFIRMATIVE DEFENSE

27  (Equitable Defenses – Laches, Waiver, Good Faith, Unclean Hands, Estoppel)

28  Defendant is informed and believes and, upon that ground, alleges that each purported

- 3 -

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   cause of action of Plaintiff's unverified Complaint for Damages is barred by the equitable

2   doctrines of laches, waiver, good faith, unclean hands, and estoppel.

### ELEVENTH AFFIRMATIVE DEFENSE

(Proximate Cause - Pre-existing/Subsequent Conditions)

5   Defendant is informed and believes and, upon that ground, alleges that Plaintiff's alleged

6   injuries and damages, if any, were the result of pre-existing or subsequent conditions which are

7   unrelated to the subject hip prosthesis.

### TWELFTH AFFIRMATIVE DEFENSE

(Proximate Cause - Superseding/Intervening Cause)

10   Each purported cause of action of Plaintiff's unverified Complaint for Damages is barred

11   because the injuries and damages allegedly sustained by Plaintiff, if any, were the result of an

12   independent, unforeseeable, superseding, or intervening cause.

### THIRTEENTH AFFIRMATIVE DEFENSE

(Proximate Cause - Unforeseeable Cause)

15   Each purported cause of action of Plaintiff's unverified Complaint for Damages is barred

16   because any injuries and damages allegedly sustained by Plaintiff were caused by an

17   idiosyncratic reaction to the subject hip prosthetic which was not reasonably foreseeable.

### FOURTEENTH AFFIRMATIVE DEFENSE

(Offset for Settlement)

20   Defendant is entitled to an offset of any prejudgment monies received by Plaintiff from

21   any settling defendant pursuant to Code of Civil Procedure Section 877, subdivision (a).

### FIFTEENTH AFFIRMATIVE DEFENSE

(Improper Joinder)

24   The claims against Defendant have been improperly joined with claims against multiple

25   defendants and should be severed from this action.

26

27

28

- 4 -

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

## SIXTEENTH AFFIRMATIVE DEFENSE

2

(Failure to Join)

3    Defendant alleges that Plaintiff is barred to the extent she failed to join, in a timely

4   fashion, any and all necessary and indispensable parties.

5

## SEVENTEETH AFFIRMATIVE DEFENSE

6

(Violation of First Amendment Rights)

7    Defendant alleges that Plaintiff impermissibly seeks to impose liability on conduct

8   protected from liability by the First Amendment to the United States Constitution and by Section

9   2 of Article I of the Constitution of the State of California.

10

## EIGHTEENTH AFFIRMATIVE DEFENSE

11

(Learned Intermediary/Sophisticated User Doctrine)

12    Defendant has no duty to warn patients or the general public of any risk, contraindication,

13   or adverse effect associated with the use of a prescription medical product.  Rather, the law

14   requires that all such warnings and appropriate information be given to the prescribing physician

15   and the medical profession, which act as "learned intermediary" in determining the use of the

16   product.  To the extent that Plaintiff asserts that Defendant failed to provide adequate warnings

17   regarding the use of the product at issue, any obligation to warn was discharged by Defendant's

18   providing an adequate warning to Plaintiff's treating and prescribing physician(s).  Plaintiff's

19   claims are also barred by the Sophisticated User Doctrine or similar applicable laws.

20

## NINETEENTH AFFIRMATIVE DEFENSE

21

(Allocation of Non-Economic Damages)

22    If Plaintiff sustained any of the injuries, losses, and damages set forth in the Complaint

23   for Damages, then such injuries, losses, and damages were directly and proximately caused by

24   the acts or omissions of Plaintiff and/or third parties over whose conduct this answering

25   Defendant had no control and no right to control, for whose conduct the Defendant is not

26   responsible, and with whom the Defendant has no legal relation.  Defendant therefore requests

27   that the Fair Responsibility Act of 1986, commonly known as Proposition 51, be given full force

28   and effect pursuant to the California Civil Code, Section 1431, subsections 1431.1 through

- 5 -

1431.5. Specifically, it is asserted by Defendant that in the event a judgment is rendered against it and in favor of Plaintiff, Defendant can be held responsible, if at all, for only that proportion of "non-economic" damages for which Defendant is found liable by jury determination; that the rule of joint and several liability not apply under such circumstances. Defendant further requests a judgment and declaration of partial indemnification and contribution against all other parties or persons in accordance with the apportionment of fault.

### TWENTIETH AFFIRMATIVE DEFENSE

(No Private Right of Action)

Plaintiff's claims are barred, in whole or in part, by the deference that the common law gives to discretionary action by the Food and Drug Administration under the Food, Drug, and Cosmetic Act, and Defendant further alleges that there is no private right of action for Plaintiff's claims under the Food, Drug and Cosmetic Act.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

(Failure to Plead with Particularity)

Defendant alleges that, while denying any alleged misrepresentations, Plaintifl's claims are barred as a result of failure to plead with particularity.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

(Failure to Establish Proximate Cause)

Defendant alleges that, while denying any alleged misrepresentations, Plaintiff's claims are barred as a result of failure of Plaintiff's treating and prescribing physicians to rely on any alleged misrepresentations.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

(Failure to Establish Reliance on Warranty)

Defendant alleges that Plaintiff did not rely on any alleged express or implied warranty.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Disclaimer of Warranty)

Defendant alleges that any alleged warranty was disclaimed.

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

- 6 -

1

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

2
(Failure to Notify regarding Breach of Warranty)

3     Defendant alleges that Plaintiff failed to notify it of any alleged breach of warranty, if any

4   there were, within a reasonable time after Plaintiff discovered or should have discovered any

5   such alleged breach and is, therefore, barred from any recovery for such claims.

6

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

7
(Failure to Establish Lack of Privity)

8     Defendant alleges that Plaintiff's warranty claims are barred by a lack of privity between

9   Plaintiff and Defendant, and Plaintiff's failure to provide the requisite and/or timely notice to

10  Defendant of any claimed breach of warranty.

11    Defendant hereby gives notice that it intends to rely upon such other affirmative defenses

12  as may become available or apparent during the course of discovery or other proceedings and

13  thus reserves the right to amend this list to assert such other defenses to which they may be

14  entitled.

15    WHEREFORE, Defendant prays that Plaintiff take nothing by reason of her unverified

16  Complaint for Damages on file herein; for its costs of suit incurred herein; and for such other

17  relief as the Court deems proper.

18

19  Dated: June  10  , 2009                    GORDON & REES, LLP

20

21  By:_____
                                             Brian J. Mooney
22                                           Brett T. Moroney
                                             Attorneys for Defendant WRIGHT
23                                           MEDICAL TECHNOLOGY, INC.

24

25

26

27

28

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

- 7 -

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: Gordon & Rees LLP, Embarcadero Center West, 275 Battery Street, Suite 2000, San Francisco, CA 94111.

On **June** _10_, **2009**, I served the within documents:

**DEFENDANT WRIGHT MEDICAL TECHNOLOGY, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES**

☐ by transmitting via FACSIMILE the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ by CAUSING TO BE PERSONALLY DELIVERED the document(s) listed above to the person(s) at the address(es) set forth below.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in **UNITED STATES MAIL** in the State of California at San Francisco, addressed as set forth below.

☐ by placing true copy(ies) of the document listed above enclosed in a sealed envelope, at a station designated for collection and processing of envelopes and packages for Overnight Delivery By FEDEX as part of the ordinary business practices of Gordon & Rees LLP described below, addressed as set forth below.

| | |
|---|---|
| James M. Makasian, Esq.<br>JAMES M. MAKASIAN PROFESSIONAL<br>CORPORATION<br>1327 "N" Street<br>Fresno, CA 93721 | Attorneys for Plaintiffs:<br>Telephone:    (559) 442-4212<br>Facsimile:    (559) 445-0328 |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **June** _10_, **2009**, at San Francisco, California.

_____
Rochelie Lawson

DEFENDANT WRIGHT MEDICAL TECHNOLOGY, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

# EXHIBIT C

**EXHIBIT C**




| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO**<br>**CIVIL DEPARTMENT, CENTRAL DIVISION**<br>2317 Tuolumne Street<br>Fresno, California 93721<br>(559) 497-4100 | *FOR COURT USE ONLY*<br><br>Filed<br>  Fresno County<br><br>MARCH   03, 2009<br>By System |
| TITLE OF CASE:<br><br>**Marion Elder vs Wright Medical** | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE AND<br>ASSIGNMENT OF JUDGE FOR ALL PURPOSES** | CASE NUMBER:<br><br>**09CECG00715AMC** |

**To All Parties and their Attorneys of Record:**

> This case has been assigned to Judge **Adolfo M. Corona** for **all purposes**.
> All future hearings will be scheduled before this assigned judge.

You are required to appear at a Case Management Conference on **JULY**    **06, 2009 at 10:00 AM** in **Dept 97E, 2317 Tuolumne** located at, **Fresno, California.**

You must comply with the requirements set forth in Fresno Superior Court Local Rule 2.1.

Failure to appear at the conference may result in imposition of sanctions, waiver of jury trial, or other adverse consequences.

**Defendants:** Appearance at the Case Management Conference does not excuse you from having to file your response in proper legal form within 30 days after the Summons is served on you. You could lose the case if you do not file your response on time. If you do not know an attorney, and do not have one, you may call an attorney referral service or a legal aide office (*listed in the phone book*).

> IMPORTANT: This hearing is <u>not</u> a trial. It is for the court to inquire as to the status of the case and to determine what future hearings, including a trial date, need to be set.

---

## DECLARATION

I declare under penalty of perjury under the laws of the State of California that I gave a copy of the **Notice of Case Management Conference and Assignment of Judge for All Purposes** to the person who presented this case for filing.

Date: **March 3, 2009**             Clerk, by  _____ , Deputy
                                                         N. Goehring

PLD-PI-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| JAMES M. MAKASIAN, SBN: 71791 JAMES M. MAKASIAN A PROFESSIONAL CORPORATION 1327 "N" STREET FRESNO, CALIFORNIA 93721 | |

TELEPHONE NO: 559-442-4212    FAX NO. *(Optional)*: 559-445-0328

E-MAIL ADDRESS *(Optional)*:

ATTORNEY FOR *(Name)*: PLAINTIFF

SUPERIOR COURT OF CALIFORNIA, COUNTY OF FRESNO

STREET ADDRESS: 1100 VAN NESS AVENUE

MAILING ADDRESS:

CITY AND ZIP CODE: FRESNO, CALIFORNIA 93724

BRANCH NAME:

PLAINTIFF: MARION ELDER

DEFENDANT: WRIGHT MEDICAL TECHNOLOGY

[X] DOES 1 TO 50.

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

[ ] **AMENDED** *(Number)*:

Type *(check all that apply)*:

[ ] **MOTOR VEHICLE**    [X] **OTHER** *(specify)*: PRODUCT LIABILITY
    [ ] Property Damage        [ ] Wrongful Death
    [ ] Personal Injury        [ ] Other Damages *(specify)*:

CV CE 121336

**Jurisdiction** *(check all that apply)*:

[ ] ACTION IS A LIMITED CIVIL CASE
    Amount demanded    [ ] does not exceed $10,000
                       [ ] exceeds $10,000, but does not exceed $25,000
[X] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint
    [ ] from limited to unlimited
    [ ] from unlimited to limited

CASE NUMBER:

09CECG00715

1. Plaintiff *(name or names)*: MARION ELDER

   alleges causes of action against defendant *(name or names)*: WRIGHT MEDICAL TECHNOLOGY

2. This pleading, including attachments and exhibits, consists of the following number of pages:

3. Each plaintiff named above is a competent adult
   a. [ ] **except plaintiff** *(name)*:
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe)*:
      (3) [ ] a public entity *(describe)*:
      (4) [ ] a minor [ ] an adult
          (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
          (b) [ ] other *(specify)*:
      (5) [ ] other *(specify)*:

   b. [ ] **except plaintiff** *(name)*:
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe)*:
      (3) [ ] a public entity *(describe)*:
      (4) [ ] a minor [ ] an adult
          (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
          (b) [ ] other *(specify)*:
      (5) [ ] other *(specify)*:

   [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001 [Rev. January 1, 2007]

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

Legal
Solutions
Plus

Code of Civil Procedure, § 425.12

PLD-PI-001

| SHORT TITLE: ELDER v. WRIGHT MEDICAL TECHNOLOGY | CASE NUMBER |
|---|---|

4. ☐ Plaintiff *(name):*

   is doing business under the fictitious name *(specify):*

   and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
   a. ☒ **except** defendant *(name):* WRIGHT MEDICAL TECHNOLOGY

      (1) ☒ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity *(describe):*

      (4) ☐ a public entity *(describe):*

      (5) ☐ other *(specify):*

   c. ☐ **except** defendant *(name):*

      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity *(describe):*

      (4) ☐ a public entity *(describe):*

      (5) ☐ other *(specify):*

   b. ☐ **except** defendant *(name):*

      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity *(describe):*

      (4) ☐ a public entity *(describe):*

      (5) ☐ other *(specify):*

   d. ☐ **except** defendant *(name):*

      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity *(describe):*

      (4) ☐ a public entity *(describe):*

      (5) ☐ other *(specify):*

   ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
   a. ☒ Doe defendants *(specify Doe numbers):* 1-50 were the agents or employees of other named defendants and acted within the scope of that agency or employment.

   b. ☒ Doe defendants *(specify Doe numbers):* 1-50 are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

8. This court is the proper court because
   a. ☐ at least one defendant now resides in its jurisdictional area.
   b. ☒ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☒ other *(specify):* DOING BUSINESS IN CALIFORNIA AS A REGISTERED CORPORATION.

9. ☐ Plaintiff is required to comply with a claims statute, **and**
   a. ☐ has complied with applicable claims statutes, **or**
   b. ☐ is excused from complying because *(specify):*



PLD-PI-001

SHORT TITLE: ELDER v. WRIGHT MEDICAL TECHNOLOGY

CASE NUMBER:

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:
   a. ☐ Motor Vehicle
   b. ☒ General Negligence
   c. ☐ Intentional Tort
   d. ☒ Products Liability
   e. ☐ Premises Liability
   f. ☐ Other *(specify)*:

11. Plaintiff has suffered
   a. ☒ wage loss
   b. ☐ loss of use of property
   c. ☒ hospital and medical expenses
   d. ☒ general damage
   e. ☐ property damage
   f. ☐ loss of earning capacity
   g. ☐ other damage *(specify)*:

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. ☐ listed in Attachment 12.
   b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) ☒ compensatory damages
      (2) ☐ punitive damages
      The amount of damages is *(in cases for personal injury or wrongful death, you must check (1))*:
      (1) ☒ according to proof
      (2) ☐ in the amount of: $

15. ☐ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers)*:

Date: FEBRUARY 6, 2009

JAMES M. MAKASIAN, ESQ.
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

Page 3 of 3

PLD-PI-001 [Rev January 1, 2007]

**COMPLAINT—Personal Injury, Property
Damage, Wrongful Death**

| SHORT TITLE: |  |
| --- | --- |
| ELDER v. WRIGHT MEDICAL TECHNOLOGY | CASE NUMBER |

FIRST _____        **CAUSE OF ACTION - General Negligence**        Page 4 _____
    (number)

ATTACHMENT TO  [X] Complaint    ☐ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name):*  MARION ELDER

    alleges that defendant *(name):*  WRIGHT MEDICAL TECHNOLOGY

        [X] Does  1 _____  to 50 _____

was the legal (proximate) cause of damages to plaintiff.  By the following acts or omissions to act, defendant
negligently caused the damage to plaintiff
on *(date):*  MARCH 10, 2007
at *(place):*  FRESNO, CALIFORNIA

*(description of reasons for liability):*
AT SAID TIME AND PLACE, DEFENDANTS SO NEGLIGENTLY MANUFACTURED, PRODUCED
DISTRIBUTED, MARKETED, ADVERTISED, AND PUT INTO THE STREAM OF COMMERCE THAT
CERTAIN INTERVAL HIP PROSTEDHIC DEVICE   THAT AS A RESULT OF SAID NEGLIGENCE
FAILED, THEREBY CAUSING INJURY AND DAMAGES TO PLAINTIFF ALL ACCORDING TO PROOF.

Form Approved by the
Judicial Council of California
Effective January 1, 1982
Rule 982.1(3)
Optional Form

**CAUSE OF ACTION - General Negligence**

Legal
Solutions
Plus

CCP 425.12

| SHORT TITLE: ELDER v. WRIGHT MEDICAL TECHNOLOGY | CASE NUMBER: |
|---|---|

SECOND _____ **CAUSE OF ACTION - Products Liability**          Page 5
    (number)

ATTACHMENT TO [X] Complaint    ☐ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

Plaintiff *(name)*:  MARION ELDER

Prod.L-1. On or about *(date)*: MARCH 10, 2007          plaintiff was injured by the following product:
    THE MANUFACTURE AND DISTRIBUTION OF A DEFECTIVE HIP PROSTHESES THAT
    FAILED WHILE IT WAS BEING REASONABLE AND FORESEEABLE USED FOR ITS
    INTENDED PURPOSE BY PLAINTIFF.

Prod.L-2. Each of the defendants knew the product would be purchased and used without inspection for defects.
    The product was defective when it left the control of each defendant.  The product at the time of injury
    was being
    [X] used in the manner intended by the defendants.
    [X] used in a manner that was reasonably foreseeable by defendants as involving a substantial danger not
    readily apparent.  Adequate warnings of the danger were not given.

Prod.L-3. Plaintiff was a
    [X] purchaser of the product.                            [X] user of the product.
    ☐ bystander to the use of the product.                   ☐ other *(specify)*:

PLAINTIFF'S INJURY WAS THE LEGAL (PROXIMATE) RESULT OF THE FOLLOWING:
Prod.L-4. [X] **Count One-Strict liability** of the following defendants who
    a. [X] manufactured or assembled the product *(names)*:  WRIGHT MEDICAL TECHNOLOGY

        [X] Does 1_____ to 50._____
    b. [X] designed and manufactured component parts supplied to the manufacturer *(names)*:
    WRIGHT MEDICAL TECHNOLOGY

        [X] Does 1_____ to 50._____
    c. [X] sold the product to the public *(names)*: WRIGHT MEDICAL TECHNOLOGY

        ☐ Does_____ to_____
Prod.L-5. [X] **Count Two-Negligence** of the following defendants who owed a duty to plaintiff *(names)*:
    WRIGHT MEDICAL TECHNOLOGY

        [X] Does 1_____ to 50._____
Prod.L-6. [X] **Count Three-Breach of warranty** by the following defendants *(names)*:  WRIGHT MEDICAL
    TECHNOLOGY
        [X] Does 1_____ to 50._____
    a. [X] who breached an implied warranty
    b. ☐ who breached an express warranty which was
        ☐ written    ☐ oral
Prod.L-7. [X] The defendants who are liable to plaintiffs for other reasons and the reasons for the liability are
        ☐ listed in Attachment-Prod.L-7    [X] as follows:

Form Approved by the
Judicial Council of California
Effective January 1, 1982
Rule 982 1(6)
Optional Form                    **CAUSE OF ACTION - Products Liability**    Legal
                                                                            Solutions·
                                                                            &. Plus        CCP 425.12



## SUMMONS
### *(CITACION JUDICIAL)*

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
WRIGHT MEDICAL TECHNOLOGY and DOES 1-50.



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED
.3 2009
FRESNO COUNTY SUPERIOR COURT
By
MAG DEPUTY

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MARION ELDER

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>FRESNO SUPERIOR COURT<br>2317 TUOLUMNE STREET<br>FRESNO, CALIFORNIA 93721-1220 | CASE NUMBER<br>*(Número del Caso):*<br>00715 |
|---|---|

M STREET CIVIL COURTHOUSE

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
JAMES M. MAKASIAN, SBN: 71791            559-442-4212      559-445-0328
A PROFESSIONAL CORPORATION
1327 "N" STREET
FRESNO, CALIFORNIA 93721

| DATE: MAR 0 3 2009<br>*(Fecha)* | Clerk, by _____, Deputy<br>*(Secretario)*                           *(Adjunto)* |
|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under:  ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

[SEAL]

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal
Solutions
& Plus

Code of Civil Procedure §§ 412.20, 465

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address): | FOR COURT USE ONLY |
|---|---|

JAMES M. MAKASIAN, SBN: 71791
JAMES M. MAKASIAN
A PROFESSIONAL CORPORATION
1327 "N" STREET
FRESNO, CALIFORNIA 93721
TELEPHONE NO. 559-442-4212    FAX NO. 559-445-0328
ATTORNEY FOR (Name): PLAINTIFF

FILED

SUPERIOR COURT OF CALIFORNIA, COUNTY OF FRESNO
STREET ADDRESS: 2317 TUOLUMNE STREET
MAILING ADDRESS:
CITY AND ZIP CODE: FRESNO, CALIFORNIA 93721-1220
BRANCH NAME: M STREET CIVIL COURTHOUSE

3 2009

SUPERIOR COURT

MAG DEPUTY

CASE NAME: ELDER v. WRIGHT MEDICAL TECHNOLOGY

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 09CECG00715 |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [X] Product liability (24)
- [X] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive

4. Number of causes of action (specify): TWO (2)

5. This case [ ] is [X] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: FEBRUARY 6, 2009

JAMES M. MAKASIAN, SBN: 71791
(TYPE OR PRINT NAME)

(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Legal<br>Solutions<br>Plus | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740<br>Cal. Standards of Judicial Administration, std. 3.10 |

D U P L I C A T E
--------------------
R E C E I P T
--------------------

Fresno Superior Court

Receipt Number: CLCE108999
Date:           09-JUN-2009
Cashier:        MSANCHEZ

Payor:    1stPriority ck23497
Address:

| Qty | Description | Amount |
|-----|-------------|--------|
| 9 | GC 70627(a) P | 4.50 |
|   | Personal Chec | -4.50 |

| | Total Fees: | 4.50 |
| | Total Payment: | 4.50 |

Central Invoicing
For Deposit Only
Pay to the Order to
Bank of America (657) 81677
Fresno Superior Court -Civil Limited
  Date: 09-JUN-2009  Time: 14:41
                      4.50
  CLCE108999          MSANCHEZ

# EXHIBIT D

# EXHIBIT D

BRETT T. MORONEY
BMORONEY@GORDONREES.COM

# GORDON & REES LLP

ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, SUITE 2000
SAN FRANCISCO, CA 94111
PHONE: (415) 986-5900
FAX:(415) 986-8054
WWW.GORDONREES.COM

June 10, 2009

***VIA FACSIMILE (559) 445-0328***

James M. Makasian
JAMES M. MAKASIAN
A PROFESSIONAL CORPORATION
1327 "N" Street
Fresno, CA 93721

> Re:    **Marion Elder v. Wright Medical Technology**

Dear Mr. Makasian:

Thank you for taking the time to confer with your client and respond to my inquiries. Pursuant to our discussions, this shall confirm that plaintiff is a resident and citizen of California. This shall also confirm that plaintiff will be seeking damages in excess of $75,000 based, in part, on medical expenses she has already incurred in the neighborhood of $90,000 and will not agree to limit her damages to less than $75,000. We will be filing removal papers in the near future, and my partner Brian Mooney will be contacting you shortly to discuss further handling of the case. In the meantime, please do not hesitate to contact me if you have any questions or comments. We appreciate your professional courtesy on the above referenced issues, and we look forward to working with you in the future on this matter.

Very truly yours,

GORDON & REES, LLP

Brett T. Moroney

BTM:rdl

WMT/1057851/6744397v.1

CALIFORNIA ♦ NEW YORK ♦ TEXAS ♦ ILLINOIS ♦ NEVADA ♦ ARIZONA ♦ COLORADO ♦ WASHINGTON ♦ OREGON ♦ NEW JERSEY

Confirmation Report—Memory Send

Time      : Jun-10-09  03:16pm
Tel line 1 : +4152969287
Name      : GORDON REES

Job number        :    214

Date              :    Jun-10 03:15pm

To                :    ##103889#15594450328#

Document Pages    :    02

Start time        :    Jun-10 03:15pm

End time          :    Jun-10 03:16pm

Pages sent        :    02

Job number    : 214          *** SEND SUCCESSFUL ***

---

## FACSIMILE TRANSMISSION

GORDON & REES LLP

Attorneys At Law
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA  94111
Phone  (415) 986-5900
Fax  (415) 986-8054
www.gordonrees.com

**DATE:**  June 10, 2009

**TO:**

| NAME | COMPANY | FAX NO. | PHONE NO. |
|------|---------|---------|-----------|
| James M. Makasian | | (559) 445-0328 | |

**FROM:**   Brett T Moroney

SENDER INFORMATION (NAME / USER ID / EXTENSION): Rochelle Lawson/ 1577/ 3271

| CLIENT/MATTER: WMT 1057851 | NUMBER OF PAGES, INCLUDING COVER: -2- |
|---|---|

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE AS SOON AS POSSIBLE.

**MESSAGE:**

Re:   Elder v. Wright Medical Technology

THE INFORMATION CONTAINED IN THIS FACSIMILE IS CONFIDENTIAL AND MAY ALSO CONTAIN PRIVILEGED ATTORNEY-CLIENT INFORMATION OR WORK PRODUCT. THE INFORMATION IS INTENDED ONLY FOR USE OF THE INDIVIDUAL OR ENTITY TO WHOM IT IS ADDRESSED. IF YOU ARE NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY USE, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THE FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ADDRESS ABOVE VIA THE US POSTAL SERVICE. THANK YOU

SAN FRANCISCO ● SAN DIEGO ● LOS ANGELES ● ORANGE COUNTY ● SACRAMENTO ● PORTLAND ● SEATTLE
LAS VEGAS ● PHOENIX ● DENVER ● DALLAS ● HOUSTON ● CHICAGO ● NEW YORK ● LONG ISLAND ● NEWARK